1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD HUGGINS,<br><br>    Plaintiff,<br><br>  vs.<br><br>GEORGE COHN, Esq.,<br><br>    Defendant. | Case No. SACV 13-0723-JFW (RNB)<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This Report and Recommendation is submitted to the Honorable John F. Walter, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 and General Order 194 of the United States District Court for the Central District of California.

## PROCEEDINGS

On May 8, 2013, plaintiff filed a pro se civil rights action herein pursuant to 42 U.S.C. § 1983,[1] after being granted leave to proceed in forma pauperis. Plaintiff

---

[1] The Court notes that plaintiff also referenced 42 U.S.C. § 1988. However § 1988 does not create an independent cause of action. See, e.g., Brown v.
(continued...)

1

named only one defendant: attorney George Cohn.  Plaintiff's claims appeared to arise from a default judgment entered against him in Orange County Superior Court Case No. 30-2008-00219992 ("the State Court Action").  Plaintiff purported to be seeking "actual and statutory damages" arising from alleged violations of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., as well as a "declaratory judgment that defendant's conduct violated the FDCPA." (Complaint at 1, 4-6.)

On June 18, 2013, defendant Cohn filed a Motion to Dismiss ("Motion") pursuant to Federal Rule 12(b)(6), accompanied by a Request for Judicial Notice ("Defendant's Request").  Defendant contends that the action should be dismissed because (1) he is a lawyer in private practice who is not acting under color of state law and plaintiff fails to name any state officials; (2) plaintiff does not allege any violations of the FDCPA; and (3) plaintiff is indirectly seeking to overturn the judgment in the State Court Action in federal court in violation of the <u>Rooker-Feldman</u> doctrine.

On July 19, 2013, plaintiff filed a "Memorandum in Opposition to Dismissal" ("Opposition" or "Opp."), along with a request for judicial notice.  In his Opposition, plaintiff raises the following objections to defendant's Motion: (1) defendant failed to comply with a demand plaintiff made "under the Fair Debt Collection Practices Act … to produce a signed copy of a contract" and defendant "acknowledges that no such contract exists" between Atlantic Credit & Finance, Inc. ("ACF") and plaintiff (Opp. at 2); (2) defendant violated § 1983 because he "knowingly and intentionally conspired with others to present false communications to a state official, Clerk of the

---

[1](...continued)

<u>Reardon</u>, 770 F.2d 896, 907 (10th Cir. 1985) ("§ 1988 defines procedures under which remedies may be sought in civil rights actions, but it does not create independent causes of action").  Accordingly, plaintiff's Complaint fails to state any federal civil rights claim on which relief may be granted pursuant to § 1988.

Orange County Superior Court, in order to induce that state official to deprive plaintiff of his constitutional right to due process" (Opp. at 4); and (3) the Motion "is based on incompetent and inadmissible evidence" (Opp. at 5).[2]

On August 2, 2013, defendant Cohn filed a Reply. Without seeking leave of Court, plaintiff filed a "Memorandum in Reply to Defendant's Reply Brief" ("Sur-Reply") on August 7, 2013.[3]

For the reasons discussed hereafter, the Court recommends that the Motion be granted without leave to amend.

## STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a statement of claim for relief. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (as amended).

Since plaintiff is appearing pro se, the Court must construe the allegations of the Complaint liberally and must afford plaintiff the benefit of any doubt. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). Further, in determining whether the Complaint states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. See Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). However, with respect to plaintiff's pleading burden, the Supreme Court has

---

[2]     The Court notes that plaintiff does not purport to raise any specific objections to any of the documents of which defendant seeks judicial notice.

[3]     Although defendant's objection to plaintiff's filing of a sur-reply without leave of Court is well taken, the Court has decided to consider the contentions made by plaintiff in the Sur-Reply because they are relevant to the Court's determination of whether the dismissal of the Complaint should be without leave to amend.

3

held that: "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. … Factual allegations must be enough to raise a right to relief above the speculative level … on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (internal citations omitted, alteration in original); see also Lazy Y Ranch LTD v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008) ("To survive a motion to dismiss for failure to state a claim, the plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face.'" (citing Twombly, 550 U.S. at 570)).

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a Court may not look outside the pleadings without converting the motion into a motion for summary judgment. See Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996). A motion to dismiss made pursuant to Fed. R. Civ. P. 12(b)(6) must be treated as a motion for summary judgment under Fed. R. Civ. P. 56 if either party to the motion to dismiss submits materials outside the pleadings in support of, or opposition to, the motion, and if the court relies on those materials. Fed. R. Civ. P. 12(b)(6); Anderson, 86 F.3d at 934. The Court has discretion either to consider or reject such evidence. See Swedberg v. Marotzke, 339 F.3d 1139, 1143-46 (9th Cir. 2003) (where the district court did not rely on the materials submitted outside the pleadings, a motion to dismiss is not converted into a motion for summary judgment); Casazza v. Kiser, 313 F.3d 414, 418 (8th Cir. 2002) (a district court does not convert a motion to dismiss into a motion for summary judgment when it does not rely on additional materials) (citing Skyberg v. United Food & Commercial Workers Int'l Union, 5 F.3d 297, 302 n.2 (8th Cir. 1993)). However, the Court may consider material that is properly subject to judicial notice on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) without converting the motion into one for summary judgment. See Mullis v. United States Bankruptcy Court, 828 F.2d 1385, 1388 (9th Cir. 1987); Mack v. South Bay

4

Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986) ("on a motion to dismiss a court may properly look beyond the complaint to matters of public record").

**THE REQUESTS FOR JUDICIAL NOTICE**

Pursuant to Fed. R. Evid. 201(b), the Court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

1.   <u>Defendant's Request</u>[4]

Defendant Cohn seeks judicial notice of the following filings from the State Court Action:

(1) the default judgment entered on November 13, 2009, against plaintiff in favor of ACF for damages in the amount of $6504.75;

(2) plaintiff's Motion to Vacate Default Judgment based on ACF's "failure to produce itemized account statements and contracts between parties," filed May 14, 2010;

(3) the substitution of attorney, filed by defendant on December 16, 2011, substituting defendant as attorney for ACF;

(4) plaintiff's Motion to Vacate Default Judgment based on the absence of records and the absence of a contract with ACF, filed February 9, 2012;

(5) the Notice of Ruling, filed on March 26, 2012, stating that, following a hearing on March 22, 2012, the Orange County Superior

---

[4]   Although plaintiff titled one section of his Opposition "Plaintiff objects to defendant's [sic] the Court may take judicial notice of documents in the State Court Action" (Opp. at 3), plaintiff failed to set forth any specific objections to any portion of Defendant's Request or any of the exhibits thereto.

5

Court denied plaintiff's motion to vacate on the grounds that plaintiff "had previously filed a motion to vacate back in 2010, and that this motion was an untimely request for reconsideration of that motion";

(6) plaintiff's Motion for Reconsideration of the May [sic] 22, 2012, denial of plaintiff's motion to set aside the default judgment, filed on April 2, 2012;

(7) plaintiff's Amended Motion to Strike from the record "plaintiff's default judgment entered on March 19, 2012," filed on April 5, 2012;

(8) plaintiff's Amended Motion for Reconsideration of the denial of plaintiff's motion to set aside the default judgment, filed on April 5, 2012;

(9) plaintiff's "Ex-Parte Application for a Delay" seeking a delay in the hearing on pending motions, filed on April 19, 2012;

(10) a minute order filed April 19, 2012, by the Orange County Superior Court, denying plaintiff's "Ex-Parte Application for a Delay";

(11) plaintiff's "Ex-Parte Application for Removal" seeking to transfer the matter to federal court, filed April 26, 2012;

(12) plaintiff's Request for Judicial Notice of a letter, filed on April 26, 2012;

(13) plaintiff's "Ex-Parte Application for Recording" of the hearing scheduled for April 26, 2012, filed on April 26, 2012;

(14) a minute order filed April 26, 2012, by the Orange County Superior Court, granting a discovery motion by ACF and denying plaintiff's Motion for Reconsideration (on the ground that "[n]o new facts or law presented"), Amended Motion to Strike (on the ground that the court had "jurisdiction to render a money judgment"), Ex-Parte Application for Removal (on the ground of "no factual showing of

6

irreparable harm"), and Ex-Parte Application for Recording (on the grounds of inadequate notice and no "factual showing of irreparable harm");

(15) a court order, filed May 17, 2012, setting forth the court's rulings as per the minute order of April 26, 2012; and

(16) the "Notice of Appeal" of the denial of plaintiff's Ex Parte Application to transfer case to federal court, filed by plaintiff on June 26, 2012.

In addition, defendant Cohn seeks judicial notice of the following filings from Orange County Superior Court Case No. 30-2012-00613324:

(17) a complaint filed by plaintiff against defendant on November 21, 2012, alleging fraud and misrepresentations at the April 26, 2012, hearing in the State Court Action;

(18) Notice of an Anti-SLAPP Motion to Strike Complaint filed January 22, 2013, by defendant pursuant to California's Anti-SLAPP law on the ground that Case No. 30-2012-00613324 arises from written or oral statements before a judicial proceeding, which are protected activity; and

(19) the Order of Dismissal with prejudice filed on April 18, 2013, granting defendant's Motion to Strike on the ground that "the complaint is based on statements/conduct that defendant allegedly made in a court proceeding and therefore are protected activity" under state law.

"Materials from a proceeding in another tribunal are appropriate for judicial notice." Biggs v. Terhune, 334 F.3d 910, 916 n.3 (9th Cir. 2003) (taking judicial notice of the transcript of habeas petitioner's hearing before the Board of Prison

7

Terms), rev'd on other grounds, Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010); see also Papai v. Harbor Tug and Barge Co., 67 F.3d 203, 207 n.5 (9th Cir. 1995), rev'd on other grounds, 520 U.S. 548, 137 L. Ed. 2d 800, 117 S. Ct. 1535 (1997) (taking judicial notice of a decision and order of an Administrative Law Judge); Nugget Hydroelectric, L.P. v. Pacific Gas and Elec. Co., 981 F.2d 429, 435 (9th Cir. 1992) (taking judicial notice of State Commission decisions), cert. denied, 508 U.S. 908 (1993); United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (taking judicial notice of a state court decision).

The Court therefore grants defendant's Request and takes judicial notice of defendant's Exhibits 1 through 19 as materials in state court actions that are matters of public record.  The Court, however, does not take judicial notice of any findings of fact in the state court actions, only of the existence of each document and order of the state court.  See Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001) (on a motion to dismiss, "when a court takes judicial notice of another court's opinion, it may do so not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.") (internal quotation marks omitted); see also Wyatt v. Terhune, 315 F.3d 1108, 1114 n.5 (9th Cir.) (noting that "[f]actual findings in one case ordinarily are not admissible for their truth in another case"), cert. denied, 540 U.S. 810 (2003); M/V Am. Queen v. San Diego Marine Constr. Corp., 708 F.2d 1483, 1491 (9th Cir. 1983) (stating the general rule that "a court may not take judicial notice of proceedings or records in another cause so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it").

### 2.   Plaintiff's requests

On July 5, 2013, plaintiff filed a "Request for Judicial Notice in Support of Motion for a Continuance [F.R.Civ.P. 56(F)(2)]; Motion for a Statement of Fact

8

1   [F.R.Civ.P. 52]" ("Plaintiff's First Request") seeking judicial notice of five
2   documents including the complaint in the State Court Action and various
3   correspondence.  In a Minute Order of July 8, 2013, the Court denied Plaintiff's First
4   Request as moot, and also noted that the "evidence" referenced by plaintiff was not
5   a proper subject for judicial notice.  Plaintiff then filed another "Request for Judicial
6   Notice in Support of Motion for a Continuance [F.R.Civ.P. 56(F)(2)]; Motion for a
7   Statement of Fact [F.R.Civ.P. 52]" ("Plaintiff's Second Request") on July 19, 2013.
8   Plaintiff's Second Request retained the same title as his First Request, but it was filed
9   in connection with, and is referenced in, his Opposition to defendant's Motion. (Opp.
10  at 2.)  To the extent that plaintiff is seeking judicial notice of the six documents
11  attached to his Second Request in connection with his Opposition, the Second
12  Request seeks judicial notice of the same five items previously set forth in plaintiff's
13  First Request, with the addition of one document identified as "July 3, 2013, Judicial
14  Counsel of California Electronic Message."  As the Court indicated in its July 8, 2013
15  Minute Order, apart from the complaint in the State Court Action, the "evidence"
16  referenced by plaintiff is not a proper subject for judicial notice.

17         Accordingly, in deciding defendant's Motion, the Court will not consider
18  copies of correspondence or "electronic messages" relating to plaintiff's various state
19  court proceedings because such material is neither generally known nor capable of
20  accurate determination by resort to sources whose accuracy cannot reasonably be
21  questioned.  The Court, however, will take judicial notice of the existence of the
22  complaint that was filed November 6, 2008, in the State Court Action, as a matter of
23  public record.  (Plaintiff's Second Request, Exh. 2.)
24  //
25  //
26  //
27  //
28  //

9

**SUMMARY OF PLAINTIFF'S ALLEGATIONS**[5]

Defendant Cohn is an attorney "engaged in the business of collecting debt." (Complaint at 2.)  On April 26, 2012,[6] defendant "by acts of deceit and fraud" knowingly "did not respond to plaintiff's written demand to disclose the name of the original creditor or to produce evidence of the debt as required by state law." Defendant also violated state law by suppressing "material facts" in connection with the State Court Action.  Further, on April 26, 2012, defendant "induced a state court judge to deny a motion to vacate a judgment by false [sic] misrepresentations of fact" concerning plaintiff's indebtedness to ACF in the "total sum of $6504.75." (Complaint at 2-3.)  On January 18, 2013, defendant "knowingly and intentionally"

------

[5]      In evaluating a Motion to Dismiss, the Court must take plaintiff's allegations of material fact as true and must construe those allegations in the light most favorable to plaintiff.  See Love, 915 F.2d at 1245.  However, the Court "need not accept as true allegations contradicting documents that are referenced in the complaint or that are properly subject to judicial notice."  Lazy Y Ranch Ltd., 546 F.3d at 588; see also Colony Cove Props., LLC v. City of Carson, 640 F.3d 948, 955 (9th Cir.), cert. denied, 132 S. Ct. 456, 181 L. Ed. 2d 308 (2011).  Further, allegations that are "mere conclusory, unwarranted deductions of fact, or unreasonable inferences" need not be accepted as true.  See Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 973 (9th Cir. 2004) (a "Court is not required 'to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences'") (quoting Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), amended by 275 F.3d 1187 (9th Cir. 2001)), cert. denied, 544 U.S. 974 (2005).

[6]      Plaintiff alleges that defendant "obtained a judgment against plaintiff" on April 26, 2012, but the state court records of which the Court has taken judicial notice reflect that the hearing in the State Court Action that took place on that date did not result in a new judgment being entered against plaintiff.  Rather, the hearing resulted in a denial of various motions filed by plaintiff in the State Court Action, including a motion for reconsideration of the court's earlier denial of plaintiff's motion to vacate the 2009 default judgment in the State Court Action on the ground that plaintiff "provides no new facts or law."  (Defendant's Request, Exh. 15 at 2; see Motion at 6.)

10

1  moved in state court to strike plaintiff's civil complaint on the basis of "false [sic]
2  misrepresentations of state law." (Complaint at 3.)

3       Plaintiff further makes the conclusory allegation that defendant "unlawfully
4  used the color authority [sic] to deny plaintiff of [sic] his constitutional rights."
5  (Complaint at 4.)  In addition, plaintiff alleges that defendant violated the FDCPA by
6  "fraudulently" inducing the state court to "issue a false abstract" against plaintiff in
7  connection with the State Court Action, "fraudulently" induced a Los Angeles County
8  Sheriff Deputy to "falsify a wage garnishment order"; "fraudulently induced the
9  Orange County Clerk Recorder to record a false Abstract of Judgment" against
10  plaintiff; and "fraudulently" induced a deputy sheriff to secure plaintiff's medical
11  records. (Complaint at 5.)

12

13  **DISCUSSION**

14  **A.**   **Plaintiff's claims should be dismissed for lack of subject matter**
15       **jurisdiction under the Rooker-Feldman doctrine.**

16       The Rooker-Feldman doctrine, derived from two United States Supreme Court
17  opinions, provides that federal district courts may exercise only original jurisdiction;
18  they may not exercise appellate jurisdiction over state court decisions.  See District
19  of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-86, 103 S. Ct. 1303,
20  75 L. Ed. 2d 206 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16, 44 S.
21  Ct. 149, 68 L. Ed. 362 (1923); Bennett v. Yoshina, 140 F.3d 1218, 1223 (9th Cir.
22  1998) (as amended).  Review of state court decisions may be conducted only by the
23  United States Supreme Court.  See Feldman, 460 U.S. at 476, 486; Rooker, 263 U.S.
24  at 416; see also 28 U.S.C. § 1257.  Rooker-Feldman bars "cases brought by state-
25  court losers complaining of injuries caused by state-court judgments rendered before
26  the district court proceedings commenced and inviting district court review and
27  rejection of those judgments."  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544
28  U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005).

1   The Rooker-Feldman doctrine applies even when the challenge to the state
2   court decision involves federal constitutional issues.  See Dubinka v. Judges of the
3   Superior Court, 23 F.3d 218, 221 (9th Cir. 1994); Worldwide Church of God v.
4   McNair, 805 F.2d 888, 891 (9th Cir. 1986); see also Branson v. Nott, 62 F.3d 287,
5   290-92 (9th Cir.) (involving procedural due process challenge to state court
6   proceedings), cert. denied, 516 U.S. 1009 (1995).  Moreover, "Rooker-Feldman bars
7   any suit that seeks to disrupt or 'undo' a prior state-court judgment, regardless of
8   whether the state-court proceeding afforded the federal-court plaintiff a full and fair
9   opportunity to litigate her claims."  See Bianchi v. Rylaarsdam, 334 F.3d 895, 901
10  (9th Cir. 2003) (internal quotation marks omitted), cert. denied, 540 U.S. 1213
11  (2004).  Finally, the Rooker-Feldman doctrine is applicable even if plaintiff's state
12  court appeals are not final.  See Doe & Assocs. Law Offices v. Napolitano, 252 F.3d
13  1026, 1030 (9th Cir. 2001) (holding that Rooker-Feldman applies equally to
14  interlocutory state court decisions); Worldwide Church of God, 805 F.2d at 893 n.3.
15  In analyzing whether it has jurisdiction to hear a particular constitutional
16  challenge, a federal district court first must determine whether plaintiff is attempting
17  to bring a "forbidden de facto appeal."  See Bell v. City of Boise, 709 F.3d 890 (9th
18  Cir. 2013) ("To determine whether the Rooker-Feldman bar is applicable, a district
19  court first must determine whether the action contains a forbidden de facto appeal of
20  a state court decision."); Noel v. Hall, 341 F.3d 1148, 1163 (9th Cir. 2003).  Such is
21  the case "[i]f a federal plaintiff asserts as a legal wrong an allegedly erroneous
22  decision by a state court, and seeks relief from a state court judgment based on that
23  decision."  See Noel, 341 F.3d at 1164.  If the court determines that plaintiff is
24  attempting to bring a de facto appeal, plaintiff also is barred from litigating any
25  "issues that are 'inextricably intertwined' with issues in that de facto appeal."  See
26  Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008) (Rooker-
27  Feldman also applies where "claims raised in the federal court action are 'inextricably
28  intertwined' with the state court's decision such that the adjudication of the federal

1   claims would undercut the state ruling or require the district court to interpret the
2   application of state laws or procedural rules."); Kougasian v. TMSL, Inc., 359 F.3d
3   1136, 1142 (9th Cir. 2004); see also Feldman, 460 U.S. at 483 n.16 (stating that "[i]f
4   the constitutional claims presented to a United States District Court are inextricably
5   intertwined with the state court's [decision], then the District Court is in essence
6   being called upon to review the state court decision"); Worldwide Church of God,
7   805 F.2d at 892.

8        Here, the Complaint purports to seek damages from defendant Cohn based on
9   defendant Cohn's alleged "acts of deceit and fraud" and his alleged suppression of
10  "material facts." (Complaint at 2-3, 5.)  Although plaintiff purports to be alleging
11  claims arising from defendant's allegedly unlawful debt collection practices, the only
12  specific allegations of any fraud or misrepresentations by defendant Cohn referenced
13  in the body of the Complaint are defendant's failure to disclose the "name of the
14  original creditor" of a debt and defendant's failure to "produce evidence of the debt"
15  in connection with a state court hearing on April 26, 2012. (Complaint at 2.)  The
16  debt that was at issue during that state court hearing, as well as the subsequent motion
17  filed by defendant in January 2013, in which plaintiff again alleges that defendant
18  made unspecified misrepresentations (id. at 3), is the debt that underlies the default
19  judgment against plaintiff in the State Court Action. (Defendant's Request, Exhs. 1,
20  14, 15, 18, 19.)  Further, the only debt referenced in the Complaint is the debt that
21  gave rise to the default judgment obtained against plaintiff by ACF in the underlying
22  State Court Action. (Complaint at 2-3, 5.)  In his Opposition, plaintiff more explicitly
23  identifies defendant Cohn's alleged wrongful acts as defendant's failure to "produce
24  a signed copy of a contract" with ACF.  Plaintiff further contends that "defendant
25  acknowledges that no such contract exists between" ACF and plaintiff. (Opp. at 2.)
26  Plaintiff also contends that defendant Cohn "reasonable [sic] knew that no such
27  contract exists," and that defendant "continues to conceal from the State Court that
28  no wares or merchandise items were requested or rendered" by plaintiff. (Sur-Reply

13

1    at 2, 4.)  Further, plaintiff contends:  "Without a State Court opinion which affirms

2    that no merchandise item[s] were sold or requested, plaintiff and his family members

3    are all liable to possible civil and criminal penalties."  (Sup. Reply at 4 (referencing

4    the State Court Action).)

5           It appears from the documents of which the Court has taken judicial notice that

6    the default judgment entered in the State Court Action against plaintiff in favor of

7    ACF was based on a debt allegedly owed by plaintiff to ACF in the amount of

8    $6504.75.  (Plaintiff's Second Request, Exh. 2 at 2; Defendant's Request, Exh. 1.)

9    Plaintiff's multiple attempts in state court to vacate the default judgment failed, as did

10   his attempt to remove the proceedings to federal court.  (Defendant's Request, Exhs.

11   2, 4-6, 8, 11, 14-15.)  Plaintiff then filed an action in state court raising similar

12   allegations of fraud and misrepresentation by defendant in connection with the April

13   26, 2012, hearing as plaintiff alleges herein.  (Id., Exh. 17 at fourth page (on April 26,

14   2012, defendant misrepresented to the trial judge that plaintiff "became indebted" to

15   ACF in "the total sum of $6504.75," but the defendant knew that "no such account

16   exists and no such service was neither [sic] rendered or contracted").)  Plaintiff's state

17   court action against defendant was dismissed on the ground that the complaint was

18   based on statements/conduct that defendant allegedly made in a court proceeding and

19   therefore were protected activity under state law.  (Id., Exh. 18, 19.)

20          Accordingly, based on plaintiff's factual allegations as well as the documents

21   of which the Court has taken judicial notice, it is clear that plaintiff's claims herein

22   all arise from his underlying contention that the default judgment entered against him

23   in the State Court Action derives from a debt that does not exist.  Indeed, plaintiff is

24   requesting a declaratory judgment that defendant Cohn's actions fraudulently induced

25   the state court and various state officials to take actions connected to the default

26   judgment that the state courts have repeatedly refused to vacate.  The Complaint thus

27   seeks to have this Court find that defendant Cohn's representations to the state court

28   in connection with plaintiff's attempts to have that default judgment set aside were

1   false – a finding that would require this Court to determine that the state court was

2   wrong in its rulings.  As a state-court loser complaining of harm arising from the state

3   court's allegedly erroneous judgment against him, plaintiff's claims herein amount

4   to a thinly veiled attempt by plaintiff to have this Court review and set aside the

5   default judgment that was entered against him in the State Court Action in 2009 and

6   subsequently upheld by the state court in face of plaintiff's repeated attempts to have

7   the judgment set aside.

8       Moreover, to the extent that plaintiff's claims that defendant Cohn engaged in

9   fraudulent conduct are distinct from plaintiff's basic contention that the default

10  judgment is based on a debt that does not exist, a judgment in plaintiff's favor would

11  undercut the state court decisions rejecting plaintiff's attempts to set aside the default

12  judgment.   The Court therefore finds that any such claims are "inextricably

13  intertwined" with plaintiff's de facto appeal from the default judgment and also are

14  barred by the <u>Rooker-Feldman</u> doctrine.  <u>See</u> <u>Reusser</u>, 525 F.3d at 859 (<u>Rooker-</u>

15  <u>Feldman</u> also applies where "claims raised in the federal court action are 'inextricably

16  intertwined' with the state court's decision such that the adjudication of the federal

17  claims would undercut the state ruling").  Regardless of the manner in which plaintiff

18  purports to frame his claims herein, this Court lacks subject matter jurisdiction over

19  them.  <u>See</u> <u>id.</u> at 859-60 (where plaintiffs alleged that defendant had engaged in acts

20  of "extrinsic fraud" in obtaining a default judgment against plaintiffs in state court,

21  their claims were barred by <u>Rooker-Feldman</u> because such claims had been rejected

22  in state court proceedings).

23

24  **B.**   **Separate and apart from the Rooker-Feldman bar, plaintiff's allegations**

25      **are insufficient to state a § 1983 claim against defendant Cohn.**

26      In order to state a claim against a particular defendant for violation of his civil

27  rights under § 1983, plaintiff must allege that the defendant deprived him of a right

28  guaranteed under the Constitution or a federal statute, **while acting under color of**

15

1   **state law**. <u>See</u> <u>Karim-Panahi</u>, 839 F.2d at 624.   Thus, "[t]he ultimate issue in
2   determining whether a person is subject to suit under § 1983 is the same question
3   posed in cases arising under the Fourteenth Amendment: is the alleged infringement
4   of federal rights fairly attributable to the [government]?" <u>Rendell-Baker v. Kohn</u>, 457
5   U.S. 830, 838, 102 S. Ct. 2764, 73 L. Ed. 2d 418 (1982); <u>see also</u> <u>Brentwood Acad.</u>
6   <u>v. Tennessee Secondary Sch. Athletic Ass'n</u>, 531 U.S. 288, 295, 121 S. Ct. 924, 148
7   L. Ed. 2d 807 (2001) ("state action may be found if, though only if, there is such a
8   close nexus between the State and the challenged action that seemingly private
9   behavior may be fairly treated as that of the State itself" (internal quotation marks
10  omitted)); <u>Franklin v. Fox</u>, 312 F.3d 423, 444 (9th Cir. 2002) ("Section 1983 liability
11  attaches only to individuals who carry a badge of authority of a State and represent
12  it in some capacity." (internal quotation marks omitted)); <u>Huffman v. County of Los</u>
13  <u>Angeles</u>, 147 F.3d 1054, 1057 (9th Cir. 1998) (a defendant must have acted "under
14  color of law" to be held liable under § 1983).   Section 1983 "excludes from its reach
15  merely private conduct, no matter how discriminatory or wrong." <u>American Mfrs.</u>
16  <u>Mut. Ins. Co. v. Sullivan</u>, 526 U.S. 40, 49, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999)
17  (citations and internal quotations omitted).

18          Here, the only defendant named in the Complaint is a private attorney who
19  plaintiff alleges was engaged in collection of the debt following entry of the default
20  judgment against plaintiff in the State Action. (Complaint at 1-2.)   Not only was this
21  defendant not the attorney of record at the time that the default judgment was entered
22  against plaintiff in 2009 (<u>see</u> Request, Exh. 3 (defendant substituted in as attorney for
23  ACF on December 16, 2011)), but plaintiff altogether has failed to allege that
24  defendant Cohn engaged in any actions that could plausibly be found to be fairly
25  attributable to the state.   An attorney representing a party who has been granted a
26  default judgment against plaintiff is a private person engaged in a lawyer's traditional
27  functions; he does not act under color of state law merely by utilizing state legal
28  procedures. <u>See</u> <u>Polk County v. Dodson</u>, 454 U.S. 312, 325, 102 S. Ct. 445, 70 L. Ed.

2d 509 (1981) (private attorney "performing a lawyer's traditional functions" cannot be considered to act under color of state law); Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003) (plaintiff cannot state a claim pursuant to § 1983 against the attorney for a party obtaining a default judgment against plaintiff because "he is a lawyer in private practice who was not acting under color of state law"); Schucker v. Rockwood, 846 F.2d 1202, 1205 (9th Cir. 1988) (affirming dismissal without leave to amend of § 1983 claim alleging conspiracy between private attorney and state court judge to violate plaintiff's constitutional rights during a state marital dissolution proceeding because "[i]nvoking state legal procedures does not constitute 'joint participation' or 'conspiracy' with state officials sufficient to satisfy section 1983's state action requirement").

In his Complaint, plaintiff quotes Lugar v. Edmondson Oil Co., 457 U.S. 922, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982), as holding that a "party creditor attaching debtor's assets under constitutionally infirm state statute is subject to § 1983 liability," and Wyatt v. Cole, 994 F.2d 1113, 1118 (5th Cir.), cert. denied, 510 U.S. 977 (1993), as holding that a private defendant "may incur § 1983 liability for invoking state replevin, garnishment and attachment statutes **only** if they knew or should have known statute they relied upon is unconstitutional." (Complaint at 4 (emphasis added).) However, plaintiff's reliance on those cases is misplaced. The Supreme Court in Lugar held that a private party's joint participation with state officials in the seizure of disputed property pursuant to an allegedly unconstitutional state statute did present a valid cause of action under § 1983. Lugar, 457 U.S. at 941-42. Similarly, the Fifth Circuit in Wyatt relied upon the Supreme Court's holding in Lugar to hold that "plaintiffs seeking to hold private actors liable … must demonstrate that defendants failed to act in good faith in invoking the unconstitutional state procedures." Wyatt, 994 F.2d at 1115. Here, the Complaint does not purport to allege that defendant Cohn jointly participated with any state official in invoking any unconstitutional procedure; nor does the Complaint purport

17

to challenge the constitutionality of any state law, practice, or procedure.  To the contrary, plaintiff alleges that defendant made misrepresentations of both fact and law to state officials in connection with plaintiff's repeated efforts to have a valid default judgment set aside.  Moreover, in his Opposition, plaintiff merely states: "Plaintiff alleges that defendant knowingly and intentionally conspired with others to present false communications to a state official, Clerk of the Orange County Superior Court, in order to induce that state official to deprive plaintiff of his constitutional right to due process." (Opp. at 4.)  However, to the extent that plaintiff is purporting to allege that defendant conspired with a state actor to deprive plaintiff of due process, his bare allegation of a conspiracy with unnamed "others" is entirely insufficient to state a civil rights claim.  See DeGrassi v. City of Glendora, 207 F.3d 636, 647 (9th Cir. 2000) (a "bare allegation" that a private person acted jointly with state officials is insufficient to state a claim under § 1983);  Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991) (conclusory allegations of conspiracy are insufficient to state a civil rights claim).

Accordingly, the Court finds that, even construing plaintiff's allegations liberally and affording plaintiff the benefit of any doubt, the allegations of the Complaint are entirely insufficient to state a § 1983 claim against defendant Cohn that "is plausible on its face." Twombly, 550 U.S. at 570.

**C.      The Complaint should be dismissed without leave to amend.**

A pro se litigant must be given leave to amend his complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).  Thus, if it is absolutely clear that the complaint suffers from pleading deficiencies that cannot be cured by amendment, dismissal without leave to amend is appropriate.  See, e.g., Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1088 (9th Cir. 2002) (no need to prolong the litigation by permitting further amendment where the "basic flaw" in the underlying

18

facts as alleged cannot be cured by amendment); <u>Lipton v. Pathogenesis Corp.</u>, 284 F.3d 1027, 1039 (9th Cir. 2002) ("Because any amendment would be futile, there was no need to prolong the litigation by permitting further amendment."); <u>Klamath-Lake Pharmaceutical Ass'n v. Klamath Med. Serv. Bureau</u>, 701 F.2d 1276, 1293 (9th Cir.) ("futile amendments should not be permitted"), <u>cert. denied</u>, 464 U.S. 822 (1983).

Here, the Court finds that the lack of subject matter jurisdiction is a deficiency that is incapable of being cured by amendment. Accordingly, the Complaint should be dismissed without leave to amend on that ground.

The Court further finds that plaintiff's failure to allege sufficient facts to show that defendant Cohn was acting under color of state law also is a deficiency that is incapable of being cured by amendment.

## RECOMMENDATION

IT THEREFORE IS RECOMMENDED that the District Court issue an Order: (1) approving and accepting this Report and Recommendation; (2) granting defendant's Motion to Dismiss and dismissing plaintiff's claims without leave to amend; and (3) directing that Judgment be entered dismissing this action accordingly.

DATED:  September 16, 2013

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

19