HAROLD HUGGINS (PRO PER)
13337 South St., 416
Cerritos, CA 90703
Phone: 562-396-4375
Email: SACV13.00723@gmail.com
Facsimile: 877-459-7907



IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD HUGGINS,<br><br>            Plaintiff,<br><br>v.<br><br>GEORGE COHN, Esq.,<br><br>           Defendant. | CASE NO. SACV13-00723 JFW (RNB)<br><br>**AMENDED MEMORANDUM IN OPPOSITION TO THE REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

## STATEMENT OF FACT OPPOSITION

### 1. PLANTIFF OBJECTS TO THE STANDARD OF REVIEW

The standard of review is limited to whether the causes of action raised in the [Proposed] Amended Complaint under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq., fall within the one year statute of limitations. *See , i.e., Chisolm v. Charlie Falk Auto Wholesalers, Inc., (ED VA 1994) 851 F.Supp. 739, 749; see also Mattson v. U.S. West Communications, Inc., supra, 967 F2d at 626.* Read RJN Set # 4, [Proposed] Amended Complaint, Exhibit 1, at p. 3, October 8, 2013:

> "1.     On April 10, 2012, Attorney Cohn, knowingly and intentionally, engaged in acts of deceit with the intent to deceive a Superior Court judge by entering a false statement of fact. Defendant has violated the California State Bar Act under Rule 5-200: "(B) Shall not seek to mislead the judge, judicial officer, or jury by an artifice or false statement of fact or law." See, i.e., *Atlantic Credit & Finance, Inc. (ACFI) v. Harold Huggins, Superior Court, County of Orange, C. Just. Cent., Case No. 30-2008-00219992, ROA # 61*, at p.2, April 10, 2012, attach exhibit "1", at p.2: "... incomprehensible request for 'Bona Fide Proof' of Plaintiff's Claim. <u>Plaintiff is unsure if this document is part of Defendant's motion for reconsideration</u>; however, out of an abundance of caution, Plaintiff hereby objects to this document in its entirety to Evid. Code, §§ 350 and 352 on the grounds that it <u>is irrelevant and unintelligible</u>." Emphasis Added.
>
> 2.     On August 29, 2012, Attorney Cohn, knowingly and intentionally, engaged in acts of deceit with the intent to deceive a Los Angeles County Sheriff Deputy to falsify a wage garnishment order against Harold Huggins by suppressing evidence that no service contract of a debt exists as part of an extortion scheme against him which violates the California State Bar Act under Rule 5-220: "A member shall not suppress any evidence that the member or the member's client has a legal obligation to reveal or to produce."
>
> 3.     On September 24, 2012, Attorney Cohn, knowingly and intentionally, engaged in acts of deceit with the intent to deceive the Orange County Clerk Recorder by suppressing evidence that no service contract of a debt exists as part of an extortion scheme against Harold Huggins which violates the California State Bar Act under Rule 5-220: "A member shall not suppress any evidence that the member or the member's client has a legal obligation to reveal or to produce."



4. On November 8, 2012, Attorney Cohn, knowingly and intentionally, engaged in acts of deceit with the intent to deceive a Los Angeles County Sheriff Deputy into denying Harold Huggins access to VA Medical Records by suppressing evidence that no service contract of a debt exists as part of an extortion scheme against him which violates the California State Bar Act under Rule 5-220: "A member shall not suppress any evidence that the member or the member's client has a legal obligation to reveal or to produce."

## 2. PLAINTIFF OBJECTS THAT THE CLAIMS SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION UNDER ROOKER - FELDMAN DOCTRINE

The Appellate Division of the Superior Court of California, County of Orange, issued a judgment. See, i.e., *Judgment on Appeal, Atlantic Credit & Finance, Inc. v. Harold R. Huggins, Superior Court of Orange County, C. Just. Cent., Ap. Div., Case No. 30-2012-589805*, ROA # 50, RJN Set # 4, Exhibit "2", at p.1, September 27, 2013: "Even if the alleged violation of the Fair Debt Collection Practices Act could otherwise invalidate the judgment, the alleged violation is not shown 'on the face' of the judgment."

In order to set aside the default judgment in the State Court Action in 2009, the State Appellate Court ruled that FDCPA violations must be raised "on the face" of the 2009 judgment. Here the Rooker-Feldman doctrine is raised on allegations after 2009. Therefore, Rooker- Feldman doctrine fails on the merit.

### 3. PLANTIFF DOES NOT OBJECT THAT HIS ALLEGATIONS ARE INSUFFICIENT TO STATE A § 1983 CLAIM AGAINST DEFENDANT COHN

Plaintiff does not object to the U.S. Magistrate Judge's recommendations and has corrected this mistake. (See, i.e., RJN Set # 4, [Proposed] Amended Complaint, Exhibit "2", at pp. 1-5, October 8, 2013).

### 4. PLAINTIFF OBJECTS THAT THE COMPLAINT SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND

New document material was discovered after the date of the original complaint. (See, i.e., RJN Set # 4, [Proposed] Amended Complaint, Exhibit "2", at pp. 1-5, October 8, 2013).

### CONCLUSION

For those reasons set forth above, the District Judge should rescind the Report and Recommendation submitted by the Magistrate Judge and grant leave to amend the complaint.

Respectfully, submitted.

DATED: October 8, 2013

By: _____
HAROLD HUGGINS (Pro Per)

PROOF OF SERVICE

I have notified counsel that this application would be presented at this time and place.

On October 8, 2013, I served the foregoing document described as on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope and addressed as follows:

George L. Cohn
Attorney at Law
2850 Artesia Boulevard
Suite 201
Redondo Beach, CA 90278

I, Harold Huggins, declare under penalty of perjury under the laws of the State of California that the foregoing is true.

    DATED: October 8, 2013

                                                    By: _____
                                                        HAROLD R. HUGGINS